UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EVERTON WHITELY,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CDCR, et al.,<br><br>　　　　　Defendants. | No. CV 20-2216-RGK (AGR)<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE** |

　　　For the reasons discussed below, the Court orders Plaintiff to show cause, if there be any, in writing on or before ***June 10, 2022***, why this action should not be dismissed without prejudice for failure to prosecute and/or comply with a court order.

　　　In this prisoner civil rights action, the court issued a scheduling order that required each party to file a status report on or before February 15, 2022.  (Dkt. No. 52.) Plaintiff did not file a status report or request an extension of time to do so.

　　　In addition, the court's mail has been returned as undeliverable by the postal service with a notation that Plaintiff has been paroled.  (Dkt. No. 57.)  Plaintiff has not filed a notice of change of address.

It is well established that a district court has the authority to dismiss a plaintiff's action because of his failure to prosecute or comply with court orders. See Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with order of court); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (district may dismiss action for failure to prosecute after mail is returned by postal service as undeliverable).

Plaintiff advised that: "If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution." Local Rule 41-6.

Accordingly, IT IS ORDERED that, on or before **June 10, 2022**, Plaintiff shall show good cause, if there be any, in writing why this action should not be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order.

***If Plaintiff does not timely file a response to this Order to Show Cause or otherwise respond to this Order to Show Cause on or before June 10, 2022, the action is subject to dismissal without prejudice for plaintiff's failure to prosecute and/or failure to comply with a court order.*** See *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962). Filing a status report and filing a notice of change of address by June 10, 2022 shall discharge this order to show cause.

DATED: May 16, 2022

_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE